FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LADY M.[1], <br><br>         Plaintiff, <br><br>   v. <br><br> FRANK BISIGNANO COMMISSIONER OF SOCIAL SECURITY, <br><br>         Defendant. | No. 4:25-CV-05128-RLP <br><br> ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying supplemental security income under Title XVI of the Social Security Act. ECF No. 12. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ committed harmful legal error in assessing whether Ms. M. met or medically equaled a Listing and in evaluating Ms. M.'s symptom testimony. Therefore, Ms.

---

[1] Plaintiff's first name and last initial are used to protect her privacy.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 1

M.'s brief, ECF No. 12, is granted and the Commissioner's brief, ECF No. 16, is denied.

## BACKGROUND

Ms. M. was seven years old on the alleged onset date of May 1, 2008. Tr. 201. Ms. M. graduated from a special education high school. Tr. 46. She briefly worked at Goodwill and Wal-Mart in 2019 and 2020 respectively. Tr. 212-13. She has no other work history. Tr. 208-14.

Ms. M. filed this claim for supplemental security income on April 1, 2022. Tr. 201-06. The claim was denied initially and upon reconsideration. Tr. 63-72, 74-82. A hearing occurred on January 16, 2025, at which Ms. M. testified as to her symptoms. Tr. 39-62. On January 29, 2025, the ALJ issued an unfavorable decision. Tr. 17-29. The Appeals Council denied a request for review. Tr. 1-3. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 2

rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S. Ct. 1696 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If not, the analysis

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 4

proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Ms. M. had not engaged in substantial gainful activity since April 6, 2022. Tr. 19. At step two, the ALJ found Ms. M. had the following severe impairments: Major Depressive Disorder, ADHD, Autism Spectrum Disorder, and Mild obesity. *Id*.

At step three, the ALJ found Ms. M. did not have an impairment or combination of impairments that met or medically equaled the severity of a listing. Tr. 21. Specifically, the ALJ considered Listings 12.04 Depressive, Bipolar and Related Disorders, 12.10 Autism Spectrum Disorder, and 12.11 Neurodevelopmental Disorders. *Id*. The ALJ found Ms. M. did not satisfy the B Criteria for these listings because she had only mild limitations in her ability to

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 5

understand, remember, or apply information, and adapting and managing herself. Tr. 21-22. The ALJ found moderate limitations in her ability to interact with others, and concentrate, persist, or maintain pace. *Id*. As to the C Criteria for Listing 12.04, the ALJ found the criteria were not met because Ms. M. did not participate in highly structured or inpatient care. Tr. 22.

After finding Ms. M. did not meet or medically equal the severity of one of the listed impairments, the ALJ assessed her RFC. Tr. 22-27. With regards to Ms. M.'s own statements concerning her symptoms, the ALJ found Ms. M.'s impairments could reasonably be expected to cause her alleged symptoms, but her testimony was not entirely consistent with the medical evidence or the evidence in the record. Tr. 23.

The ALJ then evaluated the medical opinions in the record. Tr. 25-27. The ALJ found the opinions of Drs. Jan Lewis, Steven Haney, Bradley Stephan, and Amit J. persuasive. Tr. 25-26. These doctors all found Ms. M. was not disabled. *Id*. The ALJ found the opinion of Dr. Linda Wolcott partially persuasive. Tr. 26. The ALJ found persuasive Dr. Wolcott's opinions as to Ms. M. mild to moderate limitations in sustained concentration, persistence, or pace and interaction with others. *Id*. Otherwise, the ALJ found Dr. Wolcott's opinions unpersuasive. *Id*. at 26-27.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 6

The ALJ also considered an opinion from Ms. M's counselor, Kathy Breese, MSW. Tr. 27. The ALJ found Ms. Breese's opinion unpersuasive. Tr. 27. This was because Ms. Breese was not an acceptable medical source, she had a limited time treating Ms. M., there was inconsistency with Ms. M.'s medical notes, and a lack of support by Ms. Breese's own findings and chart notes. *Id*.

The ALJ found Ms. M. had the following RFC:

> [T]o perform medium work as defined in 20 CFR 416.967(c) except climbing ladders, ropes, or scaffolds and crawling is limited to frequent, and the claimant would need to avoid concentrated exposure to extreme temperatures, vibration, respiratory irritants, and hazards. From a psychological perspective, the claimant is able to understand, remember, and carry out simple, routine tasks, is able to maintain concentration, persistence and pace for two-hour intervals between regularly scheduled breaks, and can have only occasional and superficial interactions with the public, coworkers, and supervisors.

Tr. 22-23.

At step four, the ALJ found Ms. M. had no past relevant work. Tr. 27. At step five, the ALJ found Ms. M. capable of performing other work available in significant numbers in the national economy such as a kitchen helper, laundry worker, or cook helper. Tr. 28. Based on these adverse findings, the ALJ determined Ms. M. has not been under a disability, as defined in the Social Security Act, from April 6, 2022, through the date of the decision. Tr. 29.

//

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 7

ANALYSIS

Ms. M. does not contest the ALJ's findings on steps one and two of the five step evaluation process. She argues the ALJ erred at step three by failing to assess more than moderate limitations on any of the four areas of mental functioning contained in the B Criteria for Listings 12.04, 12.10, and 12.11, as the record supports higher limitations. She also contends the ALJ failed to adequately consider the C Criteria for Listing 12.04. Ms. M. asserts the ALJ improperly rejected Ms. Breese's opinion, and that if her opinion were credited as true the ALJ would be required to find she satisfies the B and C Criteria for the above Listings.

Ms. M. also contends the ALJ improperly rejected her symptom testimony, and that of her mother. Ms. M argues the improper rejection of evidence from Ms. Breese, herself, and her mother meant the ALJ formulated an incomplete RFC. Ms. M. further argues the ALJ's incomplete RFC led to error at step five where the ALJ found her capable of performing work available in significant numbers in the national economy. Alternatively, Ms. M. argues the ALJ erred at step five by inconsistently finding her capable of jobs requiring the ability to carry out detailed instructions, but also that she could only perform simple, routine tasks.

**A.    Kathy Breese, MSW**

Ms. M. contends the ALJ improperly evaluated the opinion of Ms. Breese, as her findings are supported by her treatment notes and the notes of other

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 8

providers. Ms. M argues that if this opinion were properly credited, the ALJ would have found her to have marked or extreme limitations satisfying the B Criteria for Listings 12.04, 12.10, and 12.11, as well as the C Criteria for Listing 12.04. She alternatively contends that crediting Ms. Breese's testimony would have led to more limitations being assessed to Ms. M.'s RFC.

The regulations provide that an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c. However, Ms. Breese, a counselor with a master's degree in social work, is not an acceptable medical source. 20 C.F.R. § 416.902(a); *Cody B. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 252752, at *8 (D. Or. Jan. 27, 2022).

For claims filed on or after March 27, 2017, 20 C.F.R. § 416.9520c indicates that an ALJ must evaluate evidence from medical sources and clarifies how an ALJ should evaluate nonmedical lay testimony. *See* 20 C.F.R. § 416.920c(d). The regulations indicate ALJs should consider "all of the available evidence" in evaluating the intensity and persistence of symptoms, including evidence from "medical sources and nonmedical sources" about the effect of a claimant's symptoms. 20 C.F.R. § 416.929(c)(1); *see also* SSR 16-3p (requiring ALJs to consider other evidence such as other nonmedical sources to evaluate symptoms). However, an ALJ is not required to articulate how evidence from nonmedical

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 9

sources was considered using the requirements applicable to evaluations of medical opinions. *See* 20 C.F.R. § 416.920c(d).

The Ninth Circuit has not yet determined whether the revised regulations no longer require an ALJ to articulate any reason for rejecting lay testimony. *See Williams v. O'Malley*, 2024 WL 3519774, at *3 n.4 (9th Cir. July 24, 2024). Whether an ALJ must still provide germane reasons to reject a nonmedical statement remains an open question. *See Donnelly, v. Commissioner of Social Security*, 2025 WL 1473954, at *14 (E.D. Cal. May 22, 2025).

Regardless, the ALJ did provide germane reasons to reject Ms. Breese's testimony. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (conflict with medical evidence is a germane reason to reject nonmedical testimony). In addition to not being an acceptable medical source, the ALJ found Ms. Breese's opinions unpersuasive because they were inconsistent with the longitudinal record and based off a limited history of treatment.

The ALJ's observation that Ms. Breese's opinion was inconsistent with the medical record is supported by substantial evidence. While the ALJ's findings on Ms. Breese's opinion are focused on Ms. M.'s anxiety and depression symptoms, not her autism, the ALJ's findings on lower limitations and improvement with medication are nevertheless supported by the evidence she cited. It is worth noting that many of the mental status examinations and clinical assessments cited by the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 10

ALJ as evidence come from medication follow up appointments, or appointments for physical concerns, and are usually repetitive of findings from prior evaluations. This is not particularly strong or convincing evidence. Nevertheless, it is the ALJ's job to weigh the competing evidence in the record. The fact Ms. M. can argue for a different conclusion using other evidence in the record is irrelevant. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (ALJ "responsible for resolving ambiguities" in the record).

Finally, the ALJ's observation that Ms. Breese had only treated Ms. M. for less than a year was accurate. Length of treatment relationship is a valid factor for evaluating medical source opinions, 20 C.F.R. § 416.920c(c), and therefore is a valid factor for evaluating nonmedical source opinions.

For all the above reasons, the ALJ's rejection of Ms. Breese's opinion was not error.

**B.    The Listings**

Ms. M. contends the ALJ erred at step three by failing to assess more than moderate limitations on any point of the B Criteria for Listings 12.04, 12.10, and 12.11, as the record supports higher limitations. She also contends that the ALJ failed to adequately consider the C Criteria for Listing 12.04.

The B Criteria for Listings 12.04, 12.10, and 12.11 all require:

Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 11

1. Understand, remember, or apply information (see 12.00E1).
2. Interact with others (see 12.00E2).
3. Concentrate, persist, or maintain pace (see 12.00E3).
4. Adapt or manage oneself (see 12.00E4).

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.04, 12.10, 12.1.

Alternatively, Listing 12.04 can be satisfied by demonstrating the C Criteria are present. The C Criteria for Listings 12.04 requires:

Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.04.

Ms. M. claims the ALJ erred by finding she did not satisfy the B Criteria, as the record contains evidence in support of marked limitations on all criteria. Again, Ms. M. fails to appreciate the applicable standard of review. The evidence cited by the ALJ in her decision is substantial evidence in support of only mild or moderate limitations in the four areas of mental functioning contained within the B criteria. The fact Ms. M. can argue for a different conclusion than the ALJ's using other evidence in the record is irrelevant. To the extent Ms. M.'s argument relies upon Ms. Breese's opinion, as discussed above, the ALJ did not err by finding her

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 12

opinion unpersuasive.[2] To the extent her argument relies on her own subjective symptom testimony, this cannot establish she meets or medically equals a Listing. 20 C.F.R. § 416.929(a).

Ms. M. also contends the ALJ erred by failing to adequately consider the C Criteria for Listing 12.04. While Ms. M. failed to raise this argument before the ALJ, the ALJ's findings are nevertheless incomplete.

The C Criteria require both evidence of (1) medical treatment, mental health therapy, psychosocial support(s), <u>or</u> a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and (2) marginal adjustment. The ALJ properly found there was no evidence Ms. M. lived in a highly structured setting, but this is not the only way to satisfy criterion (1). The ALJ did not make findings on whether Ms. M. underwent medical treatments, mental health therapy, or psychosocial support on an ongoing basis that diminished the symptoms and signs of her disorder. Nor did the ALJ make findings on criterion (2), whether Ms. M. showed marginal adjustment.

However, an ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency

---

[2] Likewise, Ms. Breese's opinion that Ms. M. satisfied the C Criteria cannot be credited as true as Ms. M. requests.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 13

determination, unless the claimant presents evidence in an effort to establish equivalence. *See Lewis,* 236 F.3d at 514; *see also Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (ALJ's failure to consider equivalence not reversible error because the claimant did not offer any theory as to how his impairments combined to equal a Listing).

It is the claimant's burden to demonstrate the C Criteria are met. Ms. M. did not present any argument as to the C Criteria to the ALJ. The ALJ can hardly be expected to make findings on an argument a claimant did not make. Nevertheless, the ALJ did make findings on the C Criteria. These findings are incomplete, as the ALJ did not consider all the ways to satisfy the first C criterion, or the second C criterion (marginal adjustment). The fact Ms. M. did not reside in a highly structured setting does not mean she cannot meet the C Criteria. As remand is required to re-evaluate Ms. M.'s symptom testimony (see below), on remand the Court also directs the ALJ to make complete findings on the C Criteria.

**C.    Lay Witness Testimony**

Ms. M. contends the ALJ erred by failing to provide germane reasons to reject her mother's statements. She contends that if these statements had not been rejected, the ALJ would have assessed greater limitations to her RFC that would have rendered her disabled.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 14

As stated above, ALJs "are not required to articulate how [they] considered evidence from nonmedical sources." 20 C.F.R. § 416.920c(d). Nevertheless, the ALJ made findings on Ms. M.'s mother's statements. The ALJ credited some statements made by Ms. M.'s mother, and assessed limitations to occasional interactions with others, and simple, routine tasks as a consequence. Tr. 27. The ALJ's findings are supported by substantial evidence. Ms. M. cites no law which required the ALJ to credit more of her mother's statements, or why the ALJ was required to assess more limitations to her RFC. Yet again, Ms. M. does not appear to appreciate the relevant standard of review. It is the role of the ALJ, not this Court, to weigh the evidence. *Del Cielo v. Astrue*, 737 F. Supp. 2d 1271, 1276 (E.D. Wash. 2010). If the evidence will support more than one rational interpretation, this Court will not substitute its judgment for that of the ALJ. *Id*.

The ALJ's findings are supported by substantial evidence. This Court will not disturb them on appeal.

**D.     Symptom Testimony**

Ms. M. contends the ALJ improperly rejected her subjective complaints, as the ALJ simply recited the medical evidence without specifying inconsistencies. The Court agrees.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 15

1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.' " *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that [the claimant's] impairment 'could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom.' " *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 16

cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include the claimant's daily activities and the location, duration, frequency, and intensity symptoms. SSR 16-3p, 2016 WL 1119029, at *7-*8; 20 C.F.R. § 416.929(c)(3). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. The consistency of a claimant's statements with the rest of the record are another factor to be considered. 20 C.F.R. § 416.929(c)(4).

An ALJ must identify what testimony is being discounted, and what evidence undermines these claims. *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). While the ALJ is not required to perform a line-by-line analysis of the claimant's testimony, the ALJ is still required to do more than offer "non-specific conclusions that [claimant's] testimony was inconsistent with her medical treatment." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

The ALJ's findings generally summarize Ms. M.'s testimony and then summarize the medical record, rejecting her testimony for being contrary to the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 17

record without identifying what testimony is being discounted by what evidence.[3] The ALJ conclusory asserts that "[Ms. M.'s] statements about the intensity, persistence, and limiting effects of his or her symptoms [] are inconsistent because her allegations regarding the intensity or severity of her symptoms and limitations are not supported by the medical evidence record and other evidence," Tr. 23, and "The severity of these conditions, as reported to the Agency, is not consistent with the severity reported to providers." Tr. 24. These statements are followed by summaries of the medical record.

While it is possible to infer what portions of Ms. M.'s testimony are being discounted by the ALJ's description of the medical record, "[i]nferred reasons fail[] to meet the specific, clear and convincing standard." *Juan G. v. Kijakazi*,

---

[3] In formulating a limitation to occasional and superficial interactions with others, the ALJ appears to credit Ms. M.'s testimony on self-isolation and struggles with communication and taking criticism. Tr. 24. The ALJ cites to her testimony in contrast to the otherwise unremarkable medical record. *Id*. This credited testimony is the only instance where specific testimony is identified as being contrary to the record. At no point does the ALJ identify rejected testimony that is contrary to the record.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 18

2021 WL 5240498, at *5 (E.D. Wash. Aug. 19, 2021). The ALJ's failure to specify what testimony was being discounted is error requiring remand.[4]

In particular, the Court takes note that the ALJ's decision focuses on Ms. M.'s depression and anxiety symptoms, but with little to no explanation appears to reject much of her testimony that is suggestive of autism. Among other symptoms, Ms. M. testified to an inability to understand social cues, Tr. 54, struggles with focus in a noisy environment, Tr. 49-50, and a need for encouragement, assistance, and reminders to perform tasks. Tr. 48-49, 51-54. The ALJ failed to provide any specific, clear, and convincing reasons to discredit this testimony. On remand, the ALJ is directed to fully evaluate Ms. M.'s autism symptoms.

**E.    Step Five**

Ms. M. contends the ALJ erred at step five by finding her capable of performing jobs requiring the ability to carry out detailed instructions, but also that she could only perform simple, routine tasks.[5] At the hearing, a vocational expert

---

[4] Beyond the ALJ's failure to adequately identify what symptom statements are being rejected, Ms. M. raises other challenges to the ALJ's treatment of her statements. As this case must be remanded for the ALJ to properly reconsider Ms. M.'s symptom claims, the Court declines to address these other challenges.

[5] Ms. M. also contends the ALJ erred at step five by finding her capable of

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 19

testified that a person with Ms. M.'s RFC, including a limitation to simple, routine tasks, could perform work as a kitchen helper, laundry worker, and cook helper. Tr. 28, 57-58. According to the Dictionary of Occupational Titles (DOT), these jobs require a GED Reasoning Level of Two. DOT (4th ed. 1991) § 318.687-010 Kitchen Helper (also cited as cook helper), § 361.684-014 Laundry Worker. The Ninth Circuit has held that an individual limited to simple, routine tasks can perform work requiring Level Two reasoning. *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (noting that Level Two "appears more consistent" than Level Three for a claimant limited to simple, routine tasks). Therefore, the ALJ did not err by finding Ms. M. could perform work requiring Level Two reasoning.

**F.    Remedy**

Ms. M contends that her statements should be credited as true, and remand for payment of benefits is warranted.

---

performing work under an incomplete hypothetical that did not accurately account for her RFC. This argument is derivative of her previous arguments as to the assessment of her RFC. On remand, the Commissioner will have a second opportunity to assess Ms. M.'s RFC and ascertain whether she is capable of performing jobs that exist in the economy in significant numbers.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 20

Generally, an ALJ's failure to make adequate findings necessitates a remand for additional proceedings to make such findings. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). However, the Court has the power to affirm, modify, or reverse a decision with or without remanding for a rehearing. 42 U.S.C. § 405(g). "Courts have generally exercised this power when it is clear from the record that a claimant is entitled to benefits." *Garrison*, 759 F.3d at 1019.

Courts apply the three-part credit-as-true standard to determine when to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id*. at 1020.

Where the ALJ makes a legal error, but there is a need to resolve conflicting evidence and ambiguities in the record, a remand for an award of benefits is inappropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Only where there are no outstanding issues requiring resolution can a witnesses' testimony be credited as true without further proceedings. *Id*. at 1105-06.

Here, the record has not been fully developed. The ALJ made insufficient findings as to the C Criteria of Listing 12.04, and Ms. M.'s subjective testimony.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 21

Remand would serve a useful purpose by having the ALJ adequately analyze and make findings on these issues.

**Accordingly, IT IS ORDERED:**

1. Ms. M's Brief, **ECF No. 12**, is **GRANTED**.

2. The Commissioner's Brief, **ECF No. 16**, is **DENIED**.

3. This is case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED May 13, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 22